■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERROLL CAMPBELL, Also Known as ROBERT ROULSTON, Appellant. [617 NYS2d 195] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gallagher, J.), rendered January 25, 1988, convicting him of murder in the

second degree, attempted murder in the first degree, attempted murder in the second degree (two counts), reckless endangerment in the first degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution *(People v Contes,* 60 NY2d 620), we find that it is legally sufficient to establish the defendant's guilt of murder in the second degree, attempted murder in the first degree, and attempted murder in the second degree. A jury could reasonably conclude that the defendant intended to cause the death of Police Officer Scott Gadell, Police Officer James Connolly, Gerald Gunter, and Charles Stanley *(see, . People v Cabassa,* 79 NY2d 722; *People v Nucci,* 162 AD2d 725; *People v Douglas,* 160 AD2d 1015; *People v Torres,* 149 AD2d 747; *People v Ciola,* 136 AD2d 557). The evidence establishes that the defendant, armed with a loaded handgun, followed Gunter and Stanley after they had engaged in a prior altercation. While Gunter and Stanley were stopped in their car, the defendant pointed his gun at them and, from about three feet away, fired the gun two separate times as they attempted to flee. The defendant chased them and stopped only when he saw them approach Officers Gadell and Connolly in their police car. As the officers pursued the defendant into a yard, he took cover, fired several shots at Officer Gadell from 10 to 20 feet away, and fired a single shot at Officer Connolly. Officer Gadell was shot in the head and died, while Officer Connolly escaped injury.

Upon the exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence *(see,* CPL 470.15 [5]).

We reject the defendant's contention that the court erred in failing to submit to the jury the counts of attempted murder in the second degree and reckless endangerment in the first degree in the alternative rather than in the conjunctive. The defendant relies upon *People v Gallagher* (69 NY2d 525, 530), which held that an accused cannot simultaneously intend an act and recklessly cause the same act. Here, however, unlike in *Gallagher,* more than one *mens rea* could have existed simultaneously. A reasonable view of the evidence would permit a jury to find that when the defendant fired his handgun at Gunter with the intent to kill him he also recklessly engaged in conduct that created a grave risk of death to

Stanley. Likewise, a jury could reasonably conclude that when the defendant fired his handgun at Stanley with the intent to kill him he also recklessly engaged in conduct that created a grave risk of death to Gunter. Therefore, the defendant's two attempted murder convictions are not inconsistent with his reckless endangerment conviction because guilt of one does not necessarily negate guilt of the other (see, CPL 300.30 [5]; People v Taylor, 169 AD2d 743).

The defendant's remaining contentions are either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit. Miller, J. P., Joy, Altman and Goldstein, JJ., concur.