■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONATHAN MILLS, Appellant. [625 NYS2d 37] —Judgment, Supreme Court, Bronx County (Richard Lee Price, J.), rendered June 29, 1988, convicting defendant, after a jury trial, of two counts of murder in the second degree and criminal possession of a weapon in the second degree, and sentencing him to concurrent terms of 25 years to life (twice) and 5 to 15 years, respectively, to run consecutively to any parole time owed, unanimously affirmed.

We find that the substitution was a proper exercise of discretion in view of the court clerk's report to the Trial Judge that the juror had called in sick with a back ailment and was not likely to return for three or four days (People v Harris, 204 AD2d 240, lv denied 84 NY2d 826) and the fact that the trial had already been delayed on five previous occasions.

Defendant's claim that the court erred in submitting the intentional and depraved indifference murder counts to the

jury in the conjunctive, rather than in the alternative, is unpreserved for appellate review as a matter of law, defendant having raised the issue only after the verdict had been rendered and the jury discharged *(People v Satloff,* 56 NY2d 745), and we decline to review it in the interest of justice. If we were to review it, we would find it to be without merit. "While it is true that a person cannot commit a single homicidal act while entertaining inconsistent mental states" *(People v Tankleff,* 199 AD2d 550, 553 [citing *People v Gallagher,* 69 NY2d 525], *affd* 84 NY2d 992), "[h]ere, however, unlike in *Gallagher,* more than one *mens rea* could have existed simultaneously" *(People v Campbell,* 208 AD2d 641, 642), there being a reasonable view of the evidence that defendant fired his gun at one person with the intent to kill him and also recklessly engaged in conduct that created a grave risk of death to the decedent *(supra).* Concur—Ellerin, J. P., Rubin, Tom and Mazzarelli, JJ.