■ The People of the State of New York, Respondent, v Carmelo Monserate, Appellant. [682 NYS2d 25] —Judgment, Supreme Court, New York County (Mary McGowan Davis, J.), rendered March 14, 1996, convicting defendant, after a jury trial, of murder in the second degree (two counts), attempted murder in the second degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree, and criminal possession of a weapon in the third degree, and sentencing him to concurrent terms of 20 years to life on the murder convictions, $8^1/_3$ to 25 years on the attempted murder and criminal use of a firearm in the first degree convictions, 5 to 15 years on the criminal possession of a weapon in the second degree conviction, and $2^1/_3$ to 7 years on the criminal possession of a weapon in the third degree conviction, unanimously affirmed.

The verdict was based on legally sufficient evidence. There was ample evidence that defendant caused the death of the bystander victim under the theories of intentional (transferred intent) and depraved indifference murder, and of defendant's intent to cause the death of the intended victim under the attempted murder count (*see, People v Russell*, 91 NY2d 280; *People v Fernandez*, 88 NY2d 777; *People v Hernandez*, 82 NY2d 309). We reject defendant's speculative claim that the shot that killed the bystander victim could have been fired by a non-participant in the gun battle initiated by defendant.

The trial court properly submitted to the jury the counts of

intentional murder and depraved indifference murder in the conjunctive, rather than in the alternative, since more than one *mens rea* could have existed simultaneously under the circumstances (*see, People v Mills*, 214 AD2d 423, *lv denied* 86 NY2d 844; *People v Campbell*, 208 AD2d 641, *lv denied* 84 NY2d 1029). Defendant acted intentionally as to his intended victim, causing the death of the bystander victim with transferred intent, and defendant also acted with depraved indifference as to the people in the street, including the bystander victim.

Defendant's claim that he was prejudiced by eve-of-trial disclosure of *Brady* material is unpreserved because defendant received the precise remedy he requested, to wit, permission to place certain hearsay statements in evidence, and we decline to review his present claim in the interest of justice. Were we to review this claim, we would find that defendant received a meaningful opportunity to use the alleged exculpatory material as evidence in his case (*see, People v Cortijo*, 70 NY2d 868, 870; *People v Roberson*, 249 AD2d 148). Concur—Milonas, J. P., Ellerin, Rubin and Mazzarelli, JJ.