THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FELIPE BURGOS, Appellant. [798 NYS2d 609]—

Appeal from a judgment of the Supreme Court, Monroe County (Raymond E. Cornelius, J.), rendered June 1, 1999. The judgment convicted defendant, upon a jury verdict, of murder in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of murder in the second degree (Penal Law § 125.25 [2] [depraved indifference]). Defendant contends that Supreme Court erred in instructing the jury that, in considering the charges, it should render a verdict on intentional murder under the first count and should render a verdict on depraved indifference murder under the second count only in the event that it found defendant not guilty of intentional mur-

der. Defendant further contends that the court erred in instructing the jury that, if it found defendant not guilty of those two crimes, it should then render a verdict on manslaughter in the first degree under the first count and, if it found defendant not guilty of that crime, it should render a verdict on manslaughter in the second degree under the second count. Contrary to defendant's contention, the Court of Appeals approved such an instruction in *People v Johnson* (87 NY2d 357, 360-361 [1996]). Also contrary to the contention of defendant, the court properly denied his CPL 330.30 motion without a hearing because the evidence submitted by defendant in support of the motion was not "of such character as to create a probability that had such evidence been received at the trial the verdict would have been more favorable to the defendant" (CPL 330.30 [3]). Moreover, " '[t]here is no form of proof so unreliable as recanting testimony' " (*People v Yates*, 290 AD2d 888, 890 [2002]). The verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]), and the sentence is not unduly harsh or severe. We have examined the contention of defendant with respect to the denial of his motion to dismiss the intentional murder count and conclude that it lacks merit (*see* Penal Law § 125.25 [1]; *People v Monserate*, 256 AD2d 15 [1998], *lv denied* 93 NY2d 855 [1999]). Defendant's remaining contentions are not preserved for our review (*see* CPL 470.05 [2]) and, in any event, are lacking in merit. Present—Pigott, Jr., P.J., Green, Gorski, Pine and Lawton, JJ.