■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GERALD HARRISON, Appellant. [857 NYS2d 701]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (J. Goldberg, J.), rendered May 26, 2005, convicting him of robbery in the first degree (two counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed thereon; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing that properly includes a period of postrelease supervision as part of the sentence.

The defendant pleaded guilty to two counts of robbery in the first degree (*see* Penal Law § 160.15 [4]), in full satisfaction of a multi-count indictment which additionally charged him with, inter alia, five counts of first-degree sodomy and five counts of kidnapping in the second degree. He was promised a sentence consisting of two concurrent determinate terms of imprisonment of 17 years, plus a period of five years of postrelease supervision.

At sentencing, the defendant expressed unhappiness with the plea and with the performance of his assigned counsel. In addition, he pointed to recently-received discovery material which, he claimed, suggested that the object he admittedly displayed during the robberies may not have been a loaded and operable

firearm. The People responded, in effect, that no weapon had been recovered and therefore they did not know whether the object was, in fact, a loaded and operable firearm. Asked for his views, defense counsel stated that he believed the discovery documents presented an issue of fact. The sentencing court denied the defendant's motion to withdraw his guilty plea and for the assignment of new counsel, and then imposed the promised prison sentence, but without including the period of postrelease supervision in its pronouncement of the sentence. The court clerk, however, added the promised five-year period of postrelease supervision to the commitment papers, which the court did not sign. The defendant appeals.

Contrary to the defendant's contention, defense counsel did not improperly take a position adverse to the defendant's when he observed that the discovery material presented an issue of fact (cf. *People v Armstead*, 35 AD3d 624, 626 [2006]). The defendant further contends that the period of postrelease supervision added by the court clerk was invalid and should be stricken. While the Supreme Court erred in failing to include the period of postrelease supervision in its pronouncement of the sentence, this error may be remedied through resentencing (see *People v Sparber*, 10 NY3d 457 [2008]). Accordingly, we must vacate the sentence imposed and remit the matter to that court for resentencing, including the imposition of the appropriate period of postrelease supervision (see *id.*).

Although the defendant's purported waiver of appeal does not prevent him from challenging his sentence as excessive (see *People v Hurd*, 44 AD3d 791, 792 [2007]), that issue has been rendered academic in light of our determination vacating the sentence. Fisher, J.P., Angiolillo, Balkin and Leventhal, JJ., concur.