■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EUGENE HAMILTON, Appellant. [859 NYS2d 156]—

Judgment, Supreme Court, New York County (Lewis Bart Stone, J.), rendered February 22, 2006, convicting defendant, after a jury trial, of attempted murder in the second degree and two counts of assault in the first degree, and sentencing him to an aggregate term of 40 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that the sentences run concurrently, and otherwise affirmed.

Defendant did not preserve his challenges to the legal sufficiency of the evidence and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. We further find that the verdict was not against the weight of the evidence (*see People v Danielson*, 9 NY3d 342, 348-349 [2007]). There is no basis for disturbing the jury's determinations concerning credibility. We reject defendant's particular challenge to his conviction of depraved-indifference assault with respect to an unintended victim. When viewed in the light of the court's charge, the evidence clearly established that crime. Moreover, we reach the same conclusion

under the current standard, as set forth in *People v Feingold* (7 NY3d 288 [2006]). Contrary to defendant's contention, the fact that defendant intended to shoot one victim when he fired into a crowd did not preclude a finding that he acted with depraved indifference with respect to a different victim, regardless of whether the evidence would have also supported a transferred intent theory (*see People v Monserate*, 256 AD2d 15 [1998], *lv denied* 93 NY2d 855 [1999]).

Defendant's ineffective assistance of counsel claims, including those raised in his pro se supplemental brief, are without merit (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]).

We find the sentence excessive to the extent indicated.

Defendant's remaining pro se claims are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Concur—Andrias, J.P., Gonzalez, Moskowitz and DeGrasse, JJ.