■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY HERNANDEZ, Appellant. [869 NYS2d 541]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Reichbach, J.), rendered October 11, 2006, convicting him of murder in the second degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is modified, on the law, by vacating the sentence imposed; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Kings County, for resentencing that properly includes a period of postrelease supervision as part of the sentence.

The defendant's contention that the evidence was legally insufficient to support his conviction of murder in the second degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Gray,* 86 NY2d 10, 19 [1995]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes,* 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, resolution of issues of credibility is primarily a matter to be determined by the factfinder, which saw and heard the witnesses, and its determination should be accorded great deference on appeal (*see People v Romero,* 7 NY3d 633, 644- 645 [2006]; *People v Mateo,* 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]). Upon the exercise of our factual review power (*see* CPL 470.15 [5]), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero,* 7 NY3d 633 [2006]).

The defendant argues that the period of postrelease supervision added by the court clerk was invalid and should be stricken. The Supreme Court erred in failing to include the period of postrelease supervision in its pronouncement of the sentence. However, this error may be remedied through resentencing (*see People v Sparber,* 10 NY3d 457 [2008]; *People v Harrison,* 51 AD3d 816 [2008], *lv denied* 11 NY3d 737 [2008]). Therefore, the sentence imposed is vacated and we remit the matter to the Supreme Court for resentencing, including the imposition of the appropriate period of postrelease supervision. Lifson, J.P., Ritter, Miller and Balkin, JJ., concur.