■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TYREEK PAGE, Appellant. [880 NYS2d 287]—

Judgment, Supreme Court, New York County (Michael J. Obus, J., at suppression hearing; Ronald A. Zweibel, J., at jury trial and sentence), rendered March 15, 2001, convicting defendant of murder in the second degree (two counts), attempted murder in the second degree, assault in the first degree, criminal use of a firearm in the first degree, criminal possession of a weapon in the second degree and reckless endangerment in the first degree, and sentencing him to an aggregate term of 60 years to life, unanimously modified, as a matter of discretion in the interest of justice, to the extent of directing that all sentences be served concurrently, resulting in a new aggregate term of 25 years to life, and otherwise affirmed.

Defendant's arguments that the court erred in failing to suppress allegedly custodial statements made to the police before he received his *Miranda* warnings, as well as statements he made after he received those warnings, are unpreserved and we decline to review them in the interest of justice. The hearing court did not "expressly decide[ ]" (CPL 470.05 [2]) these issues (*see People v Turriago*, 90 NY2d 77, 83-84 [1997]). On the contrary, while the court made reference to the question of custody, it expressly stated that no such issue was before it at the hearing, since defendant was only challenging the legality of the police entry into certain premises (an issue not pursued on appeal). As an alternative holding, we also reject defendant's claims on the merits. With respect to his pre-*Miranda* statements, a reasonable person in defendant's position, innocent of any wrongdoing, would not have believed that the interrogation was custodial (*see People v Yukl*, 25 NY2d 585 [1969], *cert denied* 400 US 851 [1970]; *People v DeJesus*, 32 AD3d 753 [2006], *lv denied* 8 NY3d 879 [2007]). Although defendant was initially seized and handcuffed by parole officers, police detectives immediately removed the handcuffs and clearly conveyed to defendant that the detention had terminated, whereupon defendant agreed to accompany the detectives to be interviewed as a potential witness. In any event, regardless of the admissibility of the pre-*Miranda* statements, there was a definite, pronounced break in the interrogation so that the post-*Miranda* statements were admissible (*see People v Paulman*, 5 NY3d 122, 130-131 [2005]).

Defendant's argument that his convictions for intentional murder (under a transferred intent theory) and depraved indifference murder should be reversed because the counts were not submitted to the jury in the alternative is unpreserved and we decline to review it in the interest of justice. As an alternative holding, we also reject the argument on the merits. Where, as

here, more than one potential victim was present at the shooting, a defendant may be convicted of both counts because he or she may have possessed different states of mind with regard to different potential victims (*see People v Hamilton*, 52 AD3d 227, 228 [2008], *lv denied* 11 NY3d 737 [2008]; *People v Monserate*, 256 AD2d 15 [1998], *lv denied* 93 NY3d 855 [1999]).

We find the sentence excessive to the extent indicated. Concur—Tom, J.P., Nardelli, Catterson, Renwick and Richter, JJ.