■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL J. HENDERSON, Appellant. [911 NYS2d 521]—

Appeal from a judgment of the Onondaga County Court

(Anthony F. Aloi, J.), rendered October 10, 2006. The judgment convicted defendant, upon a jury verdict, of assault in the second degree, murder in the second degree, assault in the first degree (two counts) and attempted murder in the second degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of, inter alia, attempted murder in the second degree (Penal Law §§ 110.00, 125.25 [1]) and murder in the second degree (§ 125.25 [2]). We reject defendant's contention that the evidence is legally insufficient to support the conviction of two counts of assault in the first degree (§ 120.10 [3]) and one count each of attempted murder and murder (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Contrary to the contention of defendant, the jury's finding that he intended to murder one victim when he drove a vehicle into a crowd did not preclude a finding that he acted with depraved indifference with respect to the three other victims, "regardless of whether the evidence would have also supported a transferred intent theory" (*People v Hamilton*, 52 AD3d 227, 228 [2008], *lv denied* 11 NY3d 737 [2008]; *see People v Douglas*, 73 AD3d 30, 33-34 [2010]). "Where, as here, more than one potential victim was present at the [scene of the crimes], a defendant may be convicted of both [intentional and depraved indifference crimes] because he or she may have possessed different states of mind with regard to different potential victims" (*People v Page*, 63 AD3d 506, 507-508 [2009], *lv denied* 13 NY3d 837 [2009]; *see Douglas*, 73 AD3d at 33-34). Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349 [2007]), we accord great deference to the jury's resolution of credibility issues and conclude that the verdict is not against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495).

Defendant failed to preserve for our review his further contention that the verdict is repugnant by failing to object to the verdict on that ground before the jury was discharged (*see People v Alfaro*, 66 NY2d 985, 987 [1985]; *People v Louder*, 74 AD3d 1845 [2010]). In any event, that contention is without merit, and we therefore reject the contention of defendant that he was denied effective assistance of counsel based on defense counsel's failure to object to the verdict on the ground that it was repugnant (*see People v Bassett*, 55 AD3d 1434, 1438 [2008], *lv denied* 11 NY3d 922 [2009]). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Peradotto, Carni, Green and Gorski, JJ.