■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DARIUS DUBARRY, Appellant. [967 NYS2d 132]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Firetog, J.), rendered July 16, 2009, convicting him of murder in the second degree (two counts), attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant failed to preserve for appellate review his contentions that the People failed to disprove his defense of justification beyond a reasonable doubt, and that the evidence was legally insufficient to support his convictions of murder in the second degree (two counts) and attempted murder in the second degree (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d

484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to disprove the defense of justification and to establish the defendant's guilt as to each count of murder in the second degree and attempted murder in the second degree. Further, the defendant's guilt of criminal possession of a weapon in the second degree was established by legally sufficient evidence. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

Contrary to the defendant's contention, the Supreme Court correctly admitted the grand jury testimony of an unavailable witness. The People established by clear and convincing evidence that the witness's unavailability was procured by misconduct on the part of the defendant (*see People v Geraci*, 85 NY2d 359, 365-366 [1995]; *People v Roacher*, 39 AD3d 569 [2007]).

The defendant, relying on *People v Molina* (79 AD3d 1371 [2010]), contends that the submission of the counts of intentional murder (and attempted murder) and depraved indifference murder to the jury in the conjunctive, rather than in the alternative, violated his right to due process. However, the defendant's contention is without merit. "Where, as here, more than one potential victim was present at the shooting, a defendant may be convicted of both counts because he or she may have possessed different states of mind with regard to different potential victims" (*People v Page*, 63 AD3d 506, 507-508 [2009]; *see People v Henderson*, 78 AD3d 1506, 1507 [2010]; *People v Monserate*, 256 AD2d 15, 15-16 [1998]; *see also People v Douglas*, 73 AD3d 30, 33-34 [2010] ["a defendant may act with a specific intent directed at one person, while at the same time being reckless with respect to a different person"]; *People v Atkinson*, 21 AD3d 145, 150 n [2005]). To the extent that the Appellate Division, Third Department, held differently in *Molina*, we disagree and decline to follow that holding.

Upon viewing the record as a whole, we conclude that the defendant was not denied the effective assistance of counsel under the federal and state constitutional standards (*see Strickland v*

*Washington*, 466 US 668 [1984]; *People v Benevento*, 91 NY2d 708 [1998]).

The defendant's remaining contention, raised in his pro se supplemental brief, is unpreserved for appellate review and, in any event, without merit. Skelos, J.P., Angiolillo, Dickerson and Roman, JJ., concur.