■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE BREAZIL, Appellant. [973 NYS2d 299]—

Appeal by the defendant from a judgment of Supreme Court, Kings County (J. Goldberg, J.), rendered November 17, 2009, convicting him of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention, raised in his pro se supplemental brief, that the pretrial lineup identification should have been suppressed as the fruit of an illegal arrest, was previously rejected by this Court on a prior appeal (see People v Breazil, 52 AD3d 523 [2008]). That determination "constitutes the law of the case, and, absent a showing of manifest error in the prior decision or that exceptional circumstances exist warranting departure from the law of the case doctrine, the defendant is precluded from having this issue reconsidered" (People v Martinez, 194 AD2d 741, 741-742 [1993] [internal quotation marks omitted]; see People v Boone, 84 AD3d 1108, 1109 [2011]; People v Riley, 22 AD3d 609, 610 [2005]). Under the circumstances presented here, there is no basis to reconsider that issue.

Contrary to the defendant's contention, the court properly determined, after a Sirois hearing (see People v Sirois, 92 AD2d 618 [1983]; see also Matter of Holtzman v Hellenbrand, 92 AD2d 405 [1983]), that the testimony of a witness given at the first trial was admissible on the People's case-in-chief at the second trial. The People established, by clear and convincing evidence, that the witness was unavailable and that the unavailability was procured by misconduct on the part of the defendant (see People v Geraci, 85 NY2d 359, 365-366 [1995]; People v Dubarry, 107 AD3d 822 [2013]; People v Roacher, 39 AD3d 569 [2007]).

Viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620 [1983]), we find that it was legally sufficient to prove the defendant's guilt of murder in the second degree, attempted murder in the second degree, and criminal possession of a weapon in the second degree beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (see CPL 470.15 [5]; People v Danielson, 9 NY3d 342, 348 [2007]), we accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor

(*see People v Mateo*, 2 NY3d 383 [2004], *cert denied* 542 US 946 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we find that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

There is no merit to the defendant's contention that he was deprived of a fair trial because a readback of certain testimony to the jury mistakenly included hearsay testimony that had been stricken by the trial court. The court quickly discovered the error and gave a curative instruction to the jury that it was not to consider the testimony, and the jury is presumed to have followed the court's instruction (*see People v O'Neal*, 38 AD3d 1305 [2007]; *People v Iannone*, 2 AD3d 1283, 1284 [2003]). In any event, the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's conviction (*see People v Jackson*, 8 NY3d 869, 871 [2007]; *People v Crimmins*, 36 NY2d 230 [1975]).

The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record and, thus, constitutes a " 'mixed claim[ ]' " of ineffective assistance (*People v Maxwell*, 89 AD3d 1108, 1109 [2011], quoting *People v Evans*, 16 NY3d 571, 575 n 2 [2011], *cert denied* 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (*cf. People v Crump*, 53 NY2d 824 [1981]; *People v Brown*, 45 NY2d 852 [1978]). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (*see People v Freeman*, 93 AD3d 805, 806 [2012]; *People v Maxwell*, 89 AD3d at 1109; *People v Rohlehr*, 87 AD3d 603, 604 [2011]).

The defendant waived his contentions, raised in his pro se supplemental brief, that he was deprived of his right to be present at a hearing on the admissibility into evidence of certain prison telephone records, and that the prosecution failed to lay a proper foundation for the admission of those records into evidence. The defendant's remaining contentions, raised in his pro se supplemental brief, are unpreserved for appellate review (*see* CPL 470.05 [2]) and, in any event, are without merit. Skelos, J.P., Hall, Cohen and Hinds-Radix, JJ., concur.