OPINION OF THE COURT
Peter M. Forman, J.
Defendant’s conviction arises out of a failed armed robbery that resulted in the shooting of the intended victim, and the shooting death of one of the perpetrators. The evidence at trial established that defendant and three accomplices drove to an area of Poughkeepsie in the middle of the night for the purpose of robbing their intended victim. Defendant and two of his accomplices were armed with handguns and wearing masks. When they got out of the car and began to approach their intended victim, he attempted to flee to the safety of his house. Defendant and his accomplices took chase, with Dennis Brown, Jr., in the lead, and defendant and the other two accomplices following behind.
When the intended victim reached the door to his house, Brown opened fire. Defendant and the other armed accomplice also fired their weapons at the intended victim numerous times. Some of these bullets struck their mark, while others hit Brown. Despite being shot multiple times, the intended victim survived. Brown did not.
Defendant was indicted for intentional murder on the theory of transferred intent, i.e., that he and his accomplices intended to shoot and kill the victim of the attempted robbery, but that they shot and killed Brown instead. Defendant was also indicted for depraved indifference murder, on the theory that he and the other armed accomplice engaged in callous and wanton conduct when they repeatedly fired their weapons while Brown was in the line of fire. At the conclusion of the trial, the trial court directed the jury to return a verdict as to both the intentional murder and depraved indifference murder counts.
On February 25, 2004, the jury returned a verdict convicting defendant of both counts of murder in the second degree (intentional and depraved indifference). The jury also convicted defendant of one count of attempted murder in the second degree, two counts of attempted robbery in the first degree, *799 three counts of assault in the first degree, and two counts of criminal possession of a weapon in the second degree.
On March 11, 2004, defendant was sentenced to concurrent terms of imprisonment of 15 years to life on the two murder counts. On each of the remaining counts, defendant was sentenced to 10-year determinate terms of imprisonment. The determinate sentences ran concurrent to each other, and consecutive to the murder sentences.
Defendant appealed his conviction on the grounds that (1) the People failed to prove his guilt beyond a reasonable doubt, and the verdict was against the weight of the evidence; (2) the trial court should have granted defendant’s missing witness charge; and (3) the sentence was excessive. The Second Department affirmed defendant’s conviction. (24 AD3d 686 [2d Dept 2005]), and the Court of Appeals denied his application for leave to appeal (6 NY3d 812 [2006]). The following year, the United States District Court for the Southern District of New York denied defendant’s petition for a writ of habeas corpus (Drayton v Conway, 2007 WL 2682857, 2007 US Dist LEXIS 67240 [SD NY, Sept. 11, 2007, No. 07 Cv 4591(CLB)]).
In 2014, almost 10 years after sentence was imposed by the trial court, defendant moved for an order vacating his judgment of conviction pursuant to CPL 440.10. Specifically, defendant moved to dismiss his judgment of conviction on the grounds, inter alia, that his right to due process was denied when the trial court charged the jury to consider the intentional murder and depraved indifference murder counts in the conjunctive, rather than in the alternative. Defendant also argued that he received ineffective assistance of counsel when his attorney failed to object to the trial court’s decision to charge these two murder counts in this manner.
By decision and order dated August 6, 2014, this court summarily denied that motion. Specifically, this court found that defendant’s claim that the trial court should have charged the intentional murder and depraved indifference murder counts in the alternative could have been raised on direct appeal. This court also held that defendant’s claim that he received ineffective assistance of counsel because his attorney did not object to the jury instructions should be summarily denied because this argument could have been raised on appeal.
By decision and order dated June 25, 2015, the Second Department denied defendant’s motion for leave to appeal from this court’s August 6, 2014 decision and order (2015 NY Slip *800 Op 77455[U] [2015, Miller, J.]). By certificate dated September 30, 2015, the Court of Appeals denied defendant’s motion for leave to appeal to that Court (2015 NY Slip Op 98954[U] [2015, Lippman, Ch. J.]). Defendant now moves for leave to renew his motion to vacate his judgment of conviction.
Discussion
When the August 6, 2014 decision and order was handed down, existing precedent in the First, Second and Fourth Departments held that a trial court could charge intentional murder and depraved indifference murder counts in the conjunctive, rather than in the alternative, when the intentional murder count was based upon a theory of transferred intent. (See e.g. People v Henderson, 78 AD3d 1506 [4th Dept 2010]; People v Douglas, 73 AD3d 30 [2d Dept 2010]; People v Page, 63 AD3d 506 [1st Dept 2009].)
On April 7, 2015, the Court of Appeals abrogated that Appellate Division precedent (see People v Dubarry, 25 NY3d 161 [2015]). Specifically, the Court of Appeals held that, when a defendant kills one victim in the course of attempting to kill someone else, “that defendant cannot be convicted of depraved indifference murder and intentional murder on a transferred intent theory in a case involving the death of the same person” {id. at 165).
Defendant now seeks leave to renew his motion to vacate his judgment of conviction on the grounds that Dubarry represents a change in the law that will change this court’s prior determination. However, this argument is based upon the flawed premise that the rule announced in Dubarry will be retroactively applied to collateral attacks on final judgments of conviction.
“Courts are not generous in applying new rules of law to collateral proceedings, given the ‘underlying considerations of finality.’” (People v Jean-Baptiste, 11 NY3d 539, 543 [2008], quoting People v Favor, 82 NY2d 254, 261 n 2 [1993]; see also People v Jackson, 78 NY2d 638, 647 [1991] [finding that society’s interest in the finality of judgments of conviction “is formidable”].) Drawing a “sharp distinction” between cases that are on direct appeal and cases that involve collateral attacks, the Court of Appeals has “recognized that to allow retroactive application of existing law to final convictions ‘would mean that every defendant to whose case it was relevant, no matter how remote in time and merit, would *801 become [a] beneficiary.’ ” (People v Jean-Baptiste at 543, quoting People v Pepper, 53 NY2d 213, 222 [1981].)
There are three factors to consider when determining whether a new precedent should be applied retroactively: (1) the purpose to be served by the new standard; (2) the extent to which prosecutors relied on the old standard; and (3) the effect that retroactive application of the new standard will have on the administration of justice. (Policano v Herbert, 7 NY3d 588, 603 [2006].) “The second and third factors are, however, only given substantial weight ‘when the answer to the retroactivity question is not to be found in the purpose of the new rule itself ” (id. at 603, quoting People v Pepper, 53 NY2d at 220).
As the Court of Appeals has expressly acknowledged, the purpose of its gradually evolving depraved indifference jurisprudence “is to dispel the confusion between intentional and depraved indifference murder,' and thus cut off the continuing improper expansion of depraved indifference murder” (id. at 603). Stated differently, “the goal is to 'make future homicide prosecutions more sustainable’ ” (id. at 603-604 [emphasis supplied], quoting People v Suarez, 6 NY3d 202, 217 [2005] [Rosenblatt, G.B. Smith and R.S. Smith, JJ., concurring]). While recognizing the importance of this developing area of the law with respect to future prosecutions, the Court of Appeals has also expressly acknowledged that “[defendants who commit [ ] vicious crimes but who may have been charged and convicted under the wrong section of the statute are not attractive candidates for collateral relief after their convictions have become final” (id. at 604 [citations omitted]).
Here, declining to apply Dubarry retroactively to defendant’s collateral attack on his 12-year-old murder conviction “poses no danger of a miscarriage of justice” (id.). Indeed, Dubarry had already been decided when the Second Department and the Court of Appeals denied defendant’s respective motions for leave to appeal from the August 6, 2014 decision and order.
Additionally, the prosecutor’s decision to move forward with both murder counts at defendant’s trial was consistent with the precedent that had been established in three out of the Appellate Division’s four judicial departments. Retroactively applying Dubarry to collateral attacks would also “potentially flood the criminal justice system with CPL 440.10 motions to vacate convictions of culpable intentional murderers who were properly charged and convicted of depraved indifference murder under the law as it existed at the time of their convic *802 tions” (id.). Therefore, upon reargument, this court declines to retroactively apply Dubarry to defendant’s collateral attack on his 12-year-old conviction for transferred intent and depraved indifference murder. (People v DiGuglielmo, 17 NY3d 771, 772 [2011] [declining to apply new depraved indifference standard retroactively to a collateral attack on a 14-year-old murder conviction]; People v Strawbridge, 76 AD3d 115, 119-120 [3d Dept 2010] [declining to apply new depraved indifference standard retroactively to a collateral attack on a 10-year-old murder conviction].) Based on the foregoing, it is hereby ordered that defendant’s motion for leave to reargue is granted; and it is further ordered, that upon such reargument, defendant’s motion to vacate his judgment of conviction pursuant to CPL 440.10 is denied.