■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GILBERT ESTELA, Appellant. [57 NYS3d 523]—

Appeal by the defendant from a judgment of the Supreme Court, Kings County (Ingram, J.), rendered October 1, 2007, convicting him of sexual abuse in the first degree (three counts), endangering the welfare of a child (four counts), and forcible touching, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant was charged with, inter alia, three counts of sexual abuse in the first degree based on allegations by a child complainant that he had grabbed the child's penis through his pants on two separate occasions and had grabbed the child's buttocks on another occasion. The complainant testified that

he reported the first incident to his mother and stepfather and the other two incidents to only his mother. The complainant's stepfather provided corroborating testimony as to the complainant's outcry regarding the first incident. The complainant's mother was not called as a witness by the prosecution.

The defendant subsequently requested a missing witness charge due to the People's failure to call the complainant's mother to testify regarding the complainant's outcry in connection with the second and third incidents. The Supreme Court denied the request on the ground that the issue of outcry was not material, and the mother's testimony would merely be cumulative to other testimony.

The Supreme Court erred in denying the defendant's request for a missing witness charge. In opposition to the defendant's prima facie showing that the uncalled witness would be expected to testify favorably for the prosecution, would be knowledgeable about a material issue in the case, and was under the People's control (*see People v Edwards*, 14 NY3d 733, 735 [2010]; *People v Savinon*, 100 NY2d 192, 200 [2003]; *People v Badine*, 301 AD2d 178 [2002]), the People failed to account for the witness's absence or otherwise demonstrate that the charge would not be appropriate (*see People v Gonzalez*, 68 NY2d 424, 428 [1986]). Nevertheless, the error was harmless under the circumstances of this case, as there was overwhelming evidence of the defendant's guilt and no significant probability that the error contributed to his conviction (*see People v Wofford*, 115 AD3d 1332, 1333 [2014]; *People v McCune*, 210 AD2d 978, 979 [1994]; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contention is without merit. Mastro, J.P., Rivera, Roman and Sgroi, JJ., concur.