People v Morris (2022 NY Slip Op 04309)

People v Morris

2022 NY Slip Op 04309

Decided on July 6, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 6, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
COLLEEN D. DUFFY
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2019-10459
 (Ind. No. 17-00708)

[*1]The People of the State of New York, respondent,
v
Derran Morris, appellant.

Thomas R. Villecco, Jericho, NY, for appellant.
Miriam E. Rocah, District Attorney, White Plains, NY (William C. Milaccio and Brian R. Pouliot of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from a judgment of the County Court, Westchester County (Anne E. Minihan, J.), rendered July 16, 2019, convicting him of murder in the second degree, manslaughter in the first degree, assault in the first degree, and assault in the second degree, upon a jury verdict, and imposing sentence.
ORDERED that the judgment is affirmed.
The defendant was convicted, upon a jury verdict, of murder in the second degree, manslaughter in the first degree, assault in the first degree, and assault in the second degree in connection with the death of one of his girlfriend's two-year-old twin daughters and the serious injury sustained by the other twin in July 2017 when the defendant was babysitting the two children.
The defendant's contention that his motion for a mistrial should have been granted is without merit. Although the court reporter mistakenly included a leading question to which the County Court had sustained the defendant's objection and stricken from the record during a read back of certain testimony to the jury, the error was quickly discovered, and the court gave a curative instruction to the jury that it was not to consider the testimony (see People v Breazil, 110 AD3d 913, 914). The jury is presumed to have followed the court's instruction (see People v Stone, 29 NY3d 166, 171). In any event, the error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the error contributed to the defendant's convictions (see People v Breazil, 110 AD3d at 914; see also People v Crimmins, 36 NY2d 230, 242).
The defendant's contention that the County Court should have given a missing witness charge is unpreserved for appellate review since the specific arguments the defendant makes on appeal were not raised before the court (see People v Spinelli, 79 AD3d 1152, 1152; People v Lopez, 19 AD3d 510, 511). In any event, the court providently exercised its discretion in denying the application as untimely since the application was not made until both sides had rested at the close of evidence (see People v Williams, 195 AD3d 1050; People v Joseph, 161 AD3d 1105, 1105). Moreover, while the expected testimony of that witness was not cumulative (see DeVito v Feliciano, 22 NY3d 159, 166), it was not material, as it concerned a matter that was not in contention at trial [*2](see People v Johnson, 139 AD3d 967, 974, affd 31 NY3d 942), and defense counsel was permitted to comment during summation on the People's failure to call the witness in question (see People v Williams, 5 NY3d 732, 734; People v Grant, 170 AD3d 888, 890). Additionally, any error was harmless, as the evidence of the defendant's guilt was overwhelming, and there was no significant probability that the alleged error contributed to the defendant's convictions (see People v Mayes, 200 AD3d 718, 720; People v Estela, 151 AD3d 1075, 1076).
DILLON, J.P., DUFFY, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court