■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ERIC WILLIAMS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Grajales, J.), rendered March 3, 1987, convicting him of robbery in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The gunpoint robbery of which the defendant stands convicted took place in a well-lit hallway of an apartment building. The victim identified the defendant as the assailant within 10 minutes of the occurrence, in part because the defendant had a gold tooth and a distinctive scar on his left cheek.

The defendant contends that the prosecutor's reference in his opening remarks to the victim's initial identification constituted improper bolstering. His contention is without merit. The victim was authorized to and did in fact testify about the identification (see, CPL 60.30) and the prosecutor's comment constituted nothing more than a description of the evidence he expected to present (see, CPL 260.30 [3]; People v Kurtz, 51 NY2d 380, 384). Furthermore, the defendant's contention to the contrary notwithstanding, the police officer did not testify as to the substance of the victim's description of the assailant, but rather, without objection, merely described the defendant's appearance at the time of the arrest (cf., CPL 60.30). We discern no instance of improper bolstering testimony (cf., People v Carr, 141 AD2d 756), and note that, in any event, guilt was overwhelmingly established by the victim's strong and unwavering identification premised on ample opportunity to observe the assailant (see, People v Crimmins, 36 NY2d 230; People v Carr, supra). Mangano, J. P., Lawrence, Kooper and Harwood, JJ., concur.