■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN BRAXTON, Appellant. [681 NYS2d 544] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Giaccio, J.), rendered July 31, 1996, convicting him of attempted murder in the second degree, arson in the second degree, assault in the third degree, and reckless endangerment in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (*see,* CPL 470.15 [5]).

Contrary to the defendant's contention, and in light of *People v Washington* (71 NY2d 916), it was not an improvident exercise of discretion for the court to deny the defendant's late request to testify. While the order of proof at trial is established by statute (CPL 260.30), the court may nevertheless alter that order " 'in its discretion and in furtherance of justice' " (*People v Olsen,* 34 NY2d 349, 353, quoting *People v Benham,* 160 NY 402, 437; *People v Fama,* 212 AD2d 542; *People v Hendricks,* 114 AD2d 510). Under the circumstances of this case, where the defendant had agreed to waive his right to testify, the court's denial of the defendant's request to reopen the proof after summation but before the charge to the jury was not an improvident exercise of discretion (*see, People v Sumpter,* 199 AD2d 1042; *People v Farrow,* 176 AD2d 130).

The defendant's sentence is not excessive (*see, People v Suitte,* 90 AD2d 80, 85).

The defendant's remaining contentions, including those raised in his supplemental *pro se* brief, are either unpreserved for appellate review or without merit. O'Brien, J. P., Thompson, Sullivan and Friedmann, JJ., concur.