■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANCISCO DIAZ, Appellant. [735 NYS2d 517] —Judgment, Supreme Court, Bronx County (Barbara Newman, J.), rendered March 11, 1999, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him, as a second felony offender, to a term of 5 to 10 years, unanimously affirmed.

The verdict was not against the weight of the evidence. There is no basis upon which to disturb the jury's determinations concerning identification and credibility (*see, People v Gaimari*, 176 NY 84, 94).

The court properly admitted evidence that immediately after the sale to the undercover officer, defendant sold a glassine of

heroin to an apprehended buyer, who possessed the buy money utilized by the undercover officer minutes earlier. Such evidence was admissible to complete the narrative to explain the absence of buy money on defendant and to establish the undercover officer's ability to observe defendant (*People v Cesar*, 280 AD2d 329, *lv denied* 96 NY2d 860).

Defendant's claim that the court should have conducted a further inquiry of a panelist who stated during voir dire that she recognized defendant, as well as conducting an inquiry of the remaining panel, is unpreserved (*People v Scott*, 276 AD2d 371, *lv denied* 95 NY2d 968), and we decline to review it in the interest of justice. Were we to review it, we would find that these comments by the panelist, who was excused from the jury, did not taint the remaining panelists so as to deprive defendant of a fair trial (*see, People v Clark*, 262 AD2d 233, *lv denied* 93 NY2d 1016; *People v Ayuso*, 254 AD2d 26, *lv denied* 92 NY2d 1028). The panelist did not reveal any negative information about defendant until she was at sidebar, out of the hearing of the panel, and defendant's argument that she may have conveyed such information to other panelists during a recess is both speculative and contradicted by the panelist's denial of having told anyone of the said information.

We perceive no basis for reduction of sentence. Concur—Rosenberger, J. P., Ellerin, Wallach, Rubin and Marlow, JJ.