■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY WILLIAMS, Appellant. [739 NYS2d 262] —Judgment, Supreme Court, New York County (Edwin Torres, J.), rendered July 21, 1998, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second violent felony offender, to a term of 25 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of reducing the sentence to a term of 15 years, and otherwise affirmed.

There is no reasonable possibility that the court's carefully phrased responses to inquiries from a panelist during jury selection could have conveyed to the jury that defendant had a prior record or otherwise caused any prejudice. Defendant did not preserve his current claim of error regarding the court's preliminary instructions to the jury to draw no adverse inference if he chose not to testify and we decline to review it in the interest of justice. Were we to review this claim, we would find no basis for reversal since the court's instructions did not imply that defendant should testify or that his choice not to testify was a tactical maneuver (*see*, *People v Flocker*, 223 AD2d 451, *lv denied* 88 NY2d 847).

The court properly exercised its discretion in admitting testimony that tended to connect defendant with the specific place where the crime was committed and thus tended to enhance the likelihood of the accuracy of the victim's identification of defendant as the robber. In order to place this evidence in its proper context, it was necessary to reveal that defendant had misbehaved at the location in question. However, the evidence did not involve any uncharged crimes (*see*, *People v Flores*, 210 AD2d 1, *lv denied* 84 NY2d 1031), and was not unduly prejudicial.

Defendant's ineffective assistance claim involves allegations dehors the record that are unreviewable on direct appeal. To the extent the existing record permits review, we find that defendant received meaningful representation (*see*, *People v Benevento*, 91 NY2d 708, 713-714).

We find the sentence excessive to the extent indicated.

We have considered and rejected defendant's remaining claims, including those contained in his pro se supplemental brief. Concur—Williams, P.J., Nardelli, Tom, Lerner and Friedman, JJ.