(November 9, 2004)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JONAH WILLIAMS, Appellant. [783 NYS2d 581]—

Judgments, Supreme Court, New York County (Dora Irizarry, J.), rendered September 18, 2001, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree and criminal sale of a controlled substance in or near school grounds, and sentencing him to concurrent terms of 4 to 12 years, and convicting him, upon his plea of guilty, of violation of probation, and sentencing him to a concurrent term of 1 to 3 years, unanimously modified, as a matter of discretion in the interest of justice, to the extent of vacating the conviction of criminal sale of a controlled substance in or near school grounds and dismissing that count of the indictment, and otherwise affirmed.

The undercover and ghost officers' brief testimony that they had seen defendant in the vicinity of the drug sale on prior occasions did not constitute evidence of uncharged crimes (*see People v Flores*, 210 AD2d 1 [1994], *lv denied* 84 NY2d 1031 [1995]), and, in any event, the probative value of this evidence on the ability of these officers to identify defendant outweighed any prejudicial effect (*see People v Williams*, 292 AD2d 303 [2002], *lv denied* 98 NY2d 714 [2002]). Defendant opened the door to testimony that the officers had previously given him a nickname based on a facial feature, which was the same nickname given to him in this case. In any event, were we to find any error in the receipt of any of this evidence, or in the court's denial of defendant's request for a limiting instruction, we would find such error to be harmless in view of the overwhelming evidence of defendant's guilt of third-degree sale and possession of a controlled substance.

Defendant's challenges to the People's summation are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would find that the challenged remarks constituted fair comment on the evidence, and reasonable inferences to be drawn therefrom, made in response to defense arguments, and that the summation did not deprive defendant of a fair trial (*see People v Overlee*, 236 AD2d 133 [1997], *lv denied* 91 NY2d 976 [1998]).

The evidence supporting the conviction of criminal sale of a controlled substance in or near school grounds was legally insufficient, since it did not establish that the sale took place within 1,000 feet of a school. The officer testified that he only mea-

sured the distance from the site of the sale to the entrance of a church adjacent to a school, without showing the distance from the church to the school (*see People v Sanders*, 290 AD2d 217 [2002], *lv denied* 98 NY2d 655 [2002]). Although defendant did not preserve this issue, we review it in the interest of justice. However, there is no reason to disturb the other convictions (*see People v Doshi*, 93 NY2d 499 [1999]).

We perceive no basis for reducing the sentence. Concur— Buckley, P.J., Nardelli, Saxe and Marlow, JJ.