■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BOB WELLS, Appellant. [857 NYS2d 115]—

Judgment, Supreme Court, New York County (Bruce Allen, J.), rendered December 15, 2005, convicting defendant, after a jury trial, of attempted rape in the first degree, sexual abuse in the first degree and criminal trespass in the second degree, and sentencing him to an aggregate term of 3½ years, unanimously affirmed.

The court's *Sandoval* ruling permitting the prosecutor to cross-examine defendant about a prior bad act balanced the appropriate factors and was a proper exercise of discretion (*People v Hayes*, 97 NY2d 203 [2002]). There was a good faith basis for the prosecutor's inquiry (*see People v Alamo*, 23 NY2d 630, 633-635 [1969], *cert denied* 396 US 879 [1969]). The alleged bad act of sending harassing e-mails reflected a willingness to place defendant's self-interest above the interests of another person and was thus relevant to defendant's credibility (*see e.g. People v Weinstein*, 254 AD2d 83 [1998]).

When a deliberating juror became unavailable, defendant specifically requested that the juror be replaced by the second alternate juror rather than the first, and executed a valid written consent to such replacement. Accordingly, defendant waived his argument that the court erred in departing from CPL 270.35 (1) by seating the second alternate out of order (*see People v Acevedo*, 44 AD3d 168, 171 [2007], *lv denied* 9 NY3d 1004 [2007]), and there was no nonwaivable mode of proceedings error (*see People v Gajadhar*, 9 NY3d 438 [2007]). Concur—Lippman, P.J., Gonzalez, Moskowitz and Acosta, JJ.