■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LANCE MAJORS, Appellant. [883 NYS2d 641]—

Kavanagh, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 13, 2007, upon a verdict convicting defendant of the crimes of driving while intoxicated, aggravated unlicensed operation of a motor vehicle in the first degree, reckless endangerment in the second degree, endangering the welfare of a child and reckless driving, and the traffic infraction of speeding.

On March 24, 2007, defendant, with his 11-year-old daughter as a passenger, drove an automobile through the Town of Liberty, Sullivan County at speeds in excess of 100 miles per hour. After he was stopped by the State Police, defendant was required to perform several field sobriety tests because the arresting officer suspected that he was intoxicated. When defendant failed to successfully complete these tests, he was arrested and charged with driving while intoxicated (hereinafter DWI). Later, it was also determined that defendant was operating a motor vehicle without a valid driver's license. At the State Police barracks, defendant refused to submit to a breathalyzer test, but agreed to provide a blood sample to determine the alcohol content in his blood. After arriving at the hospital where the sample was to be drawn, defendant changed his mind and refused to submit to the test. In addition to DWI, defendant was charged with aggravated unlicensed operation of a motor vehicle in the first degree, reckless endangerment in the second degree, endangering the welfare of a child, reckless driving and speeding. After a trial, at which he represented himself, defendant was convicted as charged, and subsequently sentenced to concurrent prison terms of $2^{1}/_{3}$ to 7 years for the DWI conviction and $1^{1}/_{3}$ to 4 years for the aggravated unlicensed operation of a motor vehicle conviction. One-year terms were also imposed for his convic-

tions of endangering the welfare of a child and reckless endangerment. Defendant also received 30 days for reckless driving and 15 days for speeding.[1] Defendant now appeals.

Defendant's sole contention on appeal is that County Court deprived him of a fair trial by repeatedly making statements in the presence of the jury that personally demeaned him and called into question the wisdom of his decision to represent himself at trial. While defendant did not specifically object to each statement made by the court, he did, prior to summations, complain that the court's statements regarding the number of attorneys who had been assigned to represent him throughout these proceedings could "prejudice [the jury] to some degree." Assuming that this comment served to preserve this issue for our review (*see People v Graves*, 194 AD2d 925, 927 [1993], *lv denied* 82 NY2d 719 [1993]; *but see People v Comfort*, 60 AD3d 1298, 1300 [2009]), we conclude, on the evidence presented, that defendant was not deprived of a fair trial.

The record reveals that, prior to trial, defendant had been assigned two attorneys to represent him, and each was later relieved because defendant was not satisfied with their efforts on his behalf. After defendant informed County Court that he would represent himself at trial, the court assigned an attorney to assist him during those proceedings. On this appeal, defendant claims that he was deprived of a fair trial because of the numerous occasions that the court interrupted him during opening and closing statements, as well as during his cross-examination of witnesses who testified against him. In particular, defendant points to the court's statements that he claims disparaged his efforts to represent himself and characterized many of defendant's statements to the jury as self-serving and inappropriate.

Initially, we note that the majority of the statements made by County Court to which defendant now objects were made outside the presence of the jury and were, in large measure, designed to encourage defendant to utilize the assistance of assigned counsel at trial. In addition, many of these comments sought, as is required, to "confirm[ ] defendant's continued desire to represent himself and warn[ ] him of the dangers of self-representation and the importance of counsel" (*People v McEachin*, 29 AD3d 1221, 1222 [2006], *lv denied* 7 NY3d 903 [2006]; *see People v Slaughter*, 78 NY2d 485, 491-492 [1991]). Further, the court was obligated to address any sympathy that may have been generated by inappropriate comments made by

---

1. At sentencing, defendant was also found to have been in contempt of court and was sentenced to an additional 15 days in jail.

defendant at trial to the effect that he was representing himself because he could not afford his own attorney.

We also note that County Court's interruptions of defendant during his cross-examination of witnesses, as well as during his opening and closing statements, were prompted by defendant's own misconduct and the fact that statements that he made and questions he posed to witnesses were clearly inappropriate and improper.[2] Equally important, while some of the court's statements would have been better left unsaid, they did not, when viewed in their proper context, prevent the jury "from arriving at an impartial judgment on the merits" or deprive defendant of a fair trial (*People v Moulton*, 43 NY2d 944, 946 [1978]; *accord People v Richard*, 30 AD3d 750, 754 [2006], *lv denied* 7 NY3d 869 [2006]).

Mercure, J.P., Rose, Kane and Garry, JJ., concur. Ordered that the judgment is affirmed.

---

2. Examples include comments made by defendant during his opening statement where he asked the jury to question why the prosecution had removed certain individuals from the jury pool and statements he made during the voir dire asking whether any of the jurors had ever been "railroaded." At one point, he accused assigned counsel of being a "mole" working for the District Attorney's office and on multiple occasions he specifically told the judge, "You're driving me crazy" and "You have a lot of power LaBuda." He also accused the judge of being "Satan." Defendant also proceeded to draw on exhibits that had been received into evidence, but prior to their being reviewed by the jury.