■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES STEVENSON, Appellant. [889 NYS2d 182]—

Judgment, Supreme Court, Bronx County (Dominic R. Massaro, J.), rendered July 11, 2007, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a second felony offender, to a term of 12½ years, unanimously affirmed.

Brief testimony that the police had been called to defendant's home on an unrelated "crime" and a description of the location as a "crime scene" were not uncharged crimes evidence (see People v Flores, 210 AD2d 1 [1994], lv denied 84 NY2d 1031 [1995]; People v Perez, 191 AD2d 285 [1993], mod on other grounds 83 NY2d 269 [1994]). Evidence that a crime may have been committed in defendant's apartment did not necessarily imply that he committed it, or that he was even present at the time of the crime. In any event, this limited testimony was admissible as necessary background to complete the narrative of how the police first encountered defendant, realized he met the description of a robbery suspect, and recovered property taken in the robbery (see People v Tosca, 98 NY2d 660 [2002]). The testimony at issue was necessary to explain why the police were at defendant's home, while at the same time preventing the jury from drawing unfair inferences that additional evidence was being withheld from it, or that the police were improperly present. We note that defendant's summation contained assertions of a police frameup. Furthermore, the court's limiting instructions were sufficient to prevent any prejudice.

Defendant's arguments regarding the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]). While some of the prosecutor's comments were improper, they did not deprive defendant of a fair trial, particularly in light of the court's instructions to the jury.

We perceive no basis for reducing the sentence. Concur—Mazzarelli, J.P., Nardelli, Catterson, DeGrasse and Roman, JJ.