■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TANESHIA BROCK, Appellant. [891 NYS2d 292]—

The defendant failed to preserve for appellate review her contention that the sentence imposed by the Supreme Court improperly penalized her for exercising her right to a jury trial, because she did not set forth the issue on the record at the time of sentencing (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Herrera, 16 AD3d 699, 700 [2005]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting her right to proceed to trial (see People v Pena, 50 NY2d 400, 411-412 [1980], cert denied 449 US 1087 [1981]; People v Garcia, 66 AD3d 699 [2009]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]). Covello, J.P., Santucci, Chambers and Hall, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEON BURTON, Appellant. [891 NYS2d 292]

The defendant's valid and unrestricted waiver of her right to appeal forecloses appellate review of her challenge to the procedure employed by the sentencing court in its determination regarding restitution (see People v Ordover, 67 AD3d 824 [2009]; see also People v Callahan, 80 NY2d 273, 280-281 [1992]; People v Williams, 62 AD3d 730, 731 [2009]). Furthermore, the defendant's valid and unrestricted waiver of her right to appeal precludes review of her claim that the sentence imposed upon her violation of probation was excessive (see People v Stewart, 66 AD3d 924, 924 [2009]; People v Kimbrough, 25 AD3d 810, 810-811 [2006]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.