■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNAND CLERGE, Appellant. [893 NYS2d 607]

With the exception of his challenge to an official misconduct count regarding an incident on November 20, 2005, the defendant's challenge to the legal sufficiency of the evidence is unpreserved for appellate review (*see People v Hawkins*, 11 NY3d 484 [2008]; *People v Sulayao*, 58 AD3d 769, 770 [2009]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620 [1983]), we find that it was legally sufficient to establish his guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]). Any inconsistencies with respect to the testimony of one of the complainants were minor and did not render the testimony incredible or unreliable (*see People v Scipio*, 61 AD3d 899 [2009]; *People v Sepulveda*, 59 AD3d 641, 642 [2009]).

Contrary to the defendant's contention, the Supreme Court's *Sandoval* ruling (*see People v Sandoval*, 34 NY2d 371 [1974]) was a provident exercise of its discretion (*see People v Wells*, 51 AD3d 403 [2008]; *People v Blackman*, 13 AD3d 640, 641-642 [2004]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]). The defendant's contention that his sentence violated the Eighth Amendment prohibition against cruel and unusual punishment is unpreserved for appellate review (*see People v Tocci*, 52 AD3d 541, 542 [2008]; *People v Reese*, 31 AD3d 582, 583 [2006]) and, in any event, is without merit, as there are no exceptional circumstances here warranting modification of the challenged sentence, which was within the permissible statutory limit (*see People v Cruz*, 54 AD3d 962, 963 [2008]; *People v Brathwaite*, 263 AD2d 89, 92 [2000]). The

defendant's contention that he was punished for exercising his right to a jury trial is similarly unpreserved for appellate review (*see People v Sadler*, 49 AD3d 670, 671 [2008]; *People v Evans*, 16 AD3d 595, 596 [2005]) and, in any event, is without merit (*see People v Woods*, 59 AD3d 468, 469 [2009]; *People v Carillo*, 297 AD2d 288, 289 [2002]).

The defendant's remaining contentions either are without merit or do not require reversal. Rivera, J.P., Dillon, Miller and Roman, JJ., concur.