■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO MURIELLO, Appellant. [898 NYS2d 566]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Kohm, J.), rendered May 9, 2007, convicting him of criminal possession of a controlled substance in the first degree and criminal possession of a forged instrument in the second degree, upon a jury verdict, and sentencing him to a determinate term of imprisonment of 18 years on the conviction of criminal possession of a controlled substance in the first degree and an indeterminate term of imprisonment of 2 to 6 years on the conviction of criminal possession of a forged

instrument in the second degree, to run concurrently with each other. The appeal brings up for review the denial (Grosso, J.), after a hearing (Demakos, J.H.O.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is modified, on the law, the facts, and as a matter of discretion in the interest of justice, by vacating the sentence imposed on the conviction of criminal possession of a controlled substance in the first degree; as so modified, the judgment is affirmed, and the matter is remitted to the Supreme Court, Queens County, for resentencing on the conviction of criminal possession of a controlled substance in the first degree to a determinate term of imprisonment of 13 years and to properly include a period of postrelease supervision.

The Supreme Court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The defendant contends that the arresting detective's testimony was incredible as a matter of law and patently tailored to meet constitutional objections. This contention is unpreserved for appellate review because he did not raise this specific contention before the hearing court (see CPL 470.05 [2]; *People v Barnwell*, 40 AD3d 774, 775 [2007]; *People v Rivera*, 27 AD3d 489, 490 [2006]; *People v Butler*, 293 AD2d 686, 687 [2002]). In any event, the defendant's contention is without merit. "The credibility determinations of a hearing court are entitled to great deference on appeal, and will not be disturbed unless clearly unsupported by the record" (*People v Martinez*, 58 AD3d 870, 870-871 [2009]; *see People v Blankumsce*, 66 AD3d 692, 693 [2009], *lv denied* 13 NY3d 905 [2009]; *People v Cooks*, 57 AD3d 796, 797 [2008]). Here, the detective's testimony at the suppression hearing was not incredible as a matter of law, patently tailored to nullify constitutional objections, or otherwise unworthy of belief (*see People v Blankumsce*, 66 AD3d at 693; *People v Cooks*, 57 AD3d at 797; *People v Rivera*, 27 AD3d at 490).

The sentence imposed on the conviction of criminal possession of a controlled substance in the first degree was excessive to the extent indicated. In pronouncing sentence on the count of criminal possession of a controlled substance in the first degree, the Supreme Court erred in failing to impose a statutorily required period of postrelease supervision. However, this error may be remedied through resentencing (*see People v Sparber*, 10 NY3d 457 [2008]; *People v Harrison*, 51 AD3d 816 [2008]). Therefore, we vacate the sentence imposed on that count and remit the matter to the Supreme Court, Queens County, for resentencing on the conviction of criminal posses-

sion of a controlled substance in the first degree to a determinate term of imprisonment of 13 years and to properly include a period of postrelease supervision as part of the sentence. Rivera, J.P., Florio, Angiolillo and Belen, JJ., concur.