THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LESLEY TOUSSAINT, Appellant. [902 NYS2d 165]—

Appeal by the defendant from a judgment of the County Court, Suffolk County (Weber, J.), rendered June 27, 2002, convicting him of murder in the first degree (three counts), murder in the second degree (two counts), robbery in the first degree (two counts), robbery in the second degree (three counts), and arson in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

In order for a statement to be admissible under the exception to the hearsay rule for declarations against penal interest, a four-part test must be satisfied: (1) the declarant must be unavailable to testify at the defendant's trial, (2) the declarant must have competent knowledge of the facts, (3) the declarant must have known at the time the statement was made that it was against his or her penal interest, and (4), most important, there must be independent supporting proof indicating that the statement is trustworthy and reliable (*see People v Ennis*, 11 NY3d 403, 412-413 [2008], *cert denied* 556 US —, 129 S Ct 2383 [2009]; *People v Brensic*, 70 NY2d 9, 15 [1987]; *People v Settles*, 46 NY2d 154, 167 [1978]; *People v Singh*, 47 AD3d 733, 734 [2008], *cert denied* 555 US —, 129 S Ct 570 [2008]). Here, the trial court properly declined to admit two statements by a codefendant offered by the defendant. The defendant failed to establish that the declarant was unavailable to testify at his trial, and there was no independent supporting proof indicating that the statements were trustworthy and reliable. The declarant specifically repudiated one of the statements at his plea allocution in open court. Moreover, the other statement was not shown to be against the declarant's penal interest, as it was largely exculpatory (*see People v Singh*, 47 AD3d at 734).

The defendant's contention that the trial court should have

questioned a discharged prospective juror whose name was on the "crime scene log" on the day of the incident is based on speculation and is without merit (*see People v Diaz*, 289 AD2d 184, 185 [2001]). Moreover, the trial court's marshaling of possible corroborating evidence in its charge on accomplice corroboration did not create an imbalance which prejudiced the defendant or placed undue emphasis on the People's contentions. The trial court's marshaling of the possible corroborating evidence served to explain the application of the law to the facts (*see People v Fuentes*, 52 AD3d 1297, 1299 [2008]; *People v Adams*, 278 AD2d 920, 922 [2000]). Moreover, viewing the language of the accomplice corroboration charge as a whole, the instruction was proper (*see* 1 CJI[NY] 7.52, at 337-339; *People v Glasper*, 52 NY2d 970, 971 [1981]; *People v Lawson*, 40 AD3d 657, 658 [2007]; *People v Pedro*, 36 AD3d 832, 833 [2007]; *People v Konigsberg*, 137 AD2d 142, 147 [1988]).

The trial court did not improvidently exercise its discretion in permitting the accomplice witness to be called out of turn, or in denying the defense counsel's request for an adjournment prior to the completion of the cross-examination of that witness (*see People v Singleton*, 41 NY2d 402, 405 [1977]; *People v Olsen*, 34 NY2d 349, 353 [1974]; *People v Duplessis*, 16 AD3d 846, 847 [2005]; *People v Braxton*, 254 AD2d 365, 366 [1998]).

The defendant was afforded the effective assistance of trial counsel (*see People v Ennis*, 11 NY3d 403 [2008]; *People v Turner*, 5 NY3d 476, 480 [2005]; *People v Benevento*, 91 NY2d 708 [1998]).

The trial court's rulings, its questioning of witnesses during direct and cross-examination, and its occasional admonitions to the defendant's trial counsel did not exhibit bias. While some of the trial court's comments might have been better left unsaid, they do not warrant reversal (*see People v Moulton*, 43 NY2d 944, 946 [1978]; *People v Majors*, 64 AD3d 1085, 1087 [2009]; *People v A.S. Goldmen, Inc.*, 9 AD3d 283, 285 [2004]).

The defendant's contention that the evidence presented to the grand jury was insufficient to support the charge of arson in the second degree is not reviewable as the judgment of conviction with respect to that charge was based upon legally sufficient trial evidence (*see People v Ballinger*, 62 AD3d 895, 896 [2009]).

Contrary to the defendant's contention, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is no indication that the defendant was punished for asserting his right to proceed to trial (*see People v Hurley*, 75 NY2d 887 [1990]; *People v Pena*, 50 NY2d

400, 411 [1980], *cert denied* 449 US 1087 [1981]; *People v Smith*, 49 AD3d 904, 906 [2008]). Moreover, the sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]).

The defendant's remaining contentions are unpreserved for appellate review. Dillon, J.P., Santucci, Hall and Lott, JJ., concur.