THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD GIVHAN, Appellant. [911 NYS2d 83]—

Appeal by the defendant from a judgment of the County Court, Westchester County (Cohen, J.), rendered February 3,

2009, convicting him of criminal possession of a weapon in the second degree and criminal possession of a weapon in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Molea, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence. The record does not support the defendant's contention that the arresting officer's testimony was patently tailored to overcome constitutional objections, or was otherwise unworthy of belief (see People v Muriello, 71 AD3d 1050 [2010]; People v Blankumsce, 66 AD3d 692, 693 [2009]; People v Coles, 62 AD3d 1022, 1023 [2009]; People v Cooks, 57 AD3d 796, 797 [2008]; People v Rivera, 27 AD3d 489, 490 [2006]).

Furthermore, we reject the defendant's claim that he was deprived of a fair trial because the arresting officer was permitted to testify as to the content of a tip received from an anonymous informant indicating that a man matching the defendant's description was in possession of a gun. The challenged testimony was properly admitted to provide background information as to why the officer approached the defendant and to prevent the jury from drawing an unfair inference that the officer arbitrarily stopped the defendant (see People v Tosca, 98 NY2d 660, 661 [2002]; People v Johnson, 76 AD3d 1103 [2010]; People v Valdez, 69 AD3d 452, 453 [2010]; People v Stevenson, 67 AD3d 605 [2009]; People v Jenkins, 49 AD3d 780 [2008]; People v Bailey, 21 AD3d 383, 384 [2005]), and was more probative than prejudicial (cf. People v Resek, 3 NY3d 385 [2004]). Moreover, the trial court nullified any potential prejudice by properly instructing the jury as to the limited purpose of this testimony (see People v Tosca, 98 NY2d at 661; People v Johnson, 76 AD3d 1103 [2010]; People v Garson, 69 AD3d 650, 651 [2010]).

The defendant's contention that the sentence imposed punished him for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Clerge, 69 AD3d 955, 956 [2010]; People v Brock, 69 AD3d 644 [2010]; People v Garcia, 66 AD3d 699, 701 [2009]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (see People v Johnson, 76 AD3d 1103 [2010]; People

*v Toussaint*, 74 AD3d 846 [2010], *lv denied* 15 NY3d 856 [2010]; *People v Rodriguez*, 73 AD3d 815 [2010], *lv denied* 15 NY3d 777 [2010]; *People v Brock*, 69 AD3d 644 [2010]). Skelos, J.P., Dickerson, Eng and Lott, JJ., concur.