■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REGINALD WILSON, Appellant. [917 NYS2d 677]—

The defendant was arrested on June 30, 2005, shortly after a ground-floor apartment in the Town of Greenburgh had been burglarized. At the time of the burglary, the defendant's vehicle was under the surveillance of the Harrison Police Department, which was monitoring his movements with a global positioning system (hereinafter GPS) tracking device installed on his vehicle without his knowledge, pursuant to a court order. At the site of the burglary, the police observed the defendant cross from one side of the apartment complex to another, empty-handed, and exit the complex a short time later carrying a black plastic bag with "yellowish" writing on it, which appeared to have something in it. The defendant drove away in his vehicle, and the police stopped him a mile and a quarter away. Although the police observed, on the front seat, a black plastic bag bearing a "gold" logo, and knew the defendant had just left the Greenburgh apartment complex, the defendant falsely asserted that he was coming from Valhalla and, inter alia, accused the police of stopping him because of his race. The defendant was arrested for obstructing governmental administration in the second degree after he tried to pull the driver's side door shut when the police opened it after he refused to step out of the vehicle when asked.

The hearing court properly denied that branch of the defendant's omnibus motion which was to suppress physical evidence taken from the vehicle and his person. The defendant contends that the GPS device was unlawfully installed on his vehicle. The affidavits supporting the applications for the warrants to install and use the GPS device established that the defendant had an extensive history of burglary convictions, and was conclusively identified as being at the scene of a May 2005 double daytime burglary in a West Harrison apartment complex, carrying a plastic bag, from which he drove away in a vehicle registered to him in Queens. The affidavits also noted that the defendant was identified as a possible suspect in an ongoing burglary ring in Nassau County, where he previously was convicted of a burglary. Accordingly, the affidavits were sufficient to support a reasonable belief that evidence of illegal activity would be found if the defendant's vehicles were monitored with a GPS device (cf. People v Levy, 65 AD3d 1057, 1057-1058 [2009], affd 15 NY3d 510 [2010]; People v Watts, 58 AD3d 647 [2009]).

The record also supports the hearing court's determination

that the police had reasonable suspicion to stop the defendant's vehicle shortly after the burglary, having knowledge of the defendant's numerous burglary offenses, his conclusive identification as being present at another Westchester County apartment complex during the time of a previous daytime burglary where he was observed carrying a black plastic bag, and his conduct in walking from one side of the Greenburgh complex to the other, empty-handed, only to exit a short time later carrying a black plastic bag which appeared to have something in it (*cf. People v Fleming*, 65 AD3d 702, 703 [2009]).

The defendant failed to preserve for appellate review his challenge to the lawfulness of the search of his vehicle following his arrest (*see* CPL 470.05 [2]). In any event, under the circumstances surrounding the defendant's arrest, the police had probable cause to believe that the vehicle contained contraband, evidence of a crime, or a means of escape, based on the search of his person, which revealed a pair of black leather gloves, although it was June, the presence of the black plastic bag with "yellowish" writing on the front seat of his vehicle, which the defendant tried to conceal, his patently false statement about coming from Valhalla, and his actions in pulling the car door shut when the police tried to open it after he refused to exit the vehicle when requested to do so (*see People v Blasich*, 73 NY2d 673, 678 [1989]; *People v Martin*, 28 AD3d 583, 584 [2006]).

The trial court properly admitted testimony that the defendant's vehicle was equipped with a GPS device installed pursuant to a court order and that he was under police surveillance on the day of the crime. The challenged testimony was properly admitted to provide background information regarding the reason the police were present at the site of the burglary (*see People v Tosca*, 98 NY2d 660, 661 [2002]; *People v Givhan*, 78 AD3d 730, 731 [2010]). Furthermore, any potential prejudice was eliminated by the trial court's prompt instruction to the jury as to the limited purpose of the testimony (*see People v Tosca*, 98 NY2d at 661; *People v Givhan*, 78 AD3d at 731).

Evidence that the defendant possessed a plastic card similar to a credit card, described by a police witness as having been "bent or fashioned to use as a possible tool to slip a lock," was not improperly admitted as evidence of an uncharged crime. The evidence showed that the defendant may have used the plastic card in committing the crime with which he was charged in the present case (*see People v Kennedy*, 69 AD3d 881, 882 [2010]).

Contrary to the defendant's contention, the prosecution satisfied its burden of proving beyond a reasonable doubt that he

was convicted of two prior predicate violent felonies within the requisite statutory period (*see* CPL 400.15 [7]; 400.16 [2]; *People v Owens*, 272 AD2d 481 [2000]; *People v Shepard*, 268 AD2d 540 [2000]). Notwithstanding the failure of the predicate statement to identify the place where the defendant was incarcerated for his conviction on the first underlying felony for purposes of calculating the applicable tolling period (*see* CPL 400.15 [2]; Penal Law § 70.04 [1] [b] [v]), the predicate statement was otherwise complete and satisfied its statutory purposes by "apprising the court of the prior conviction and providing defendant with reasonable notice and an opportunity to be heard" (*People v Bouyea*, 64 NY2d 1140, 1142 [1985]). Accordingly, the defendant was properly sentenced as a persistent violent felony offender.

The defendant's contentions relating to the constitutional and statutory authority for the issuance of the warrants authorizing the installation and use of the GPS device are unpreserved for appellate review and, in any event, are without merit (*see generally People v Weaver*, 12 NY3d 433 [2009]; *People v Mabeus*, 63 AD3d 1447 [2009]), as is his contention concerning the police officers' statutory authority to stop his vehicle. The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Covello, J.P., Lott, Roman and Miller, JJ., concur.