THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BYRON JIMENEZ, Appellant. [923 NYS2d 354]—

Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gavrin, J.), rendered March 28, 2008, convicting him of robbery in the first degree, criminal possession of a weapon in the fourth degree, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and sentencing him to a determinate term of 10 years' imprisonment and five years' postrelease supervision on the conviction of robbery in the first degree, and definite terms of imprisonment of one year on the convictions of criminal possession of a weapon in the fourth degree and criminal possession of stolen property in the fifth degree, respectively, with all terms of imprisonment to run concurrently with each other. The appeal brings up for review the denial, after a hearing, of those branches of the defendant's omnibus motion which were to suppress his statements to law enforcement officials and identification evidence.

Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reducing the sentence of imprisonment for robbery in the first degree from a determinate term of imprisonment of 10 years to seven years, to be followed by a period of five years of postrelease supervision; as so modified, the judgment is affirmed.

The defendant's contention that certain of the prosecutor's summation comments were improper is unpreserved for appellate review (see CPL 470.05 [2]; People v Mullings, 83 AD3d 871 [2d Dept 2011]; People v Banks, 74 AD3d 1214, 1215 [2010]). In any event, under the circumstances of this case, the challenged remarks did not deprive the defendant of a fair trial (see People v Houston, 82 AD3d 1122 [2011]; People v Bajana, 82 AD3d 1111 [2011]).

The defendant's contention in his pro se supplemental brief that the Supreme Court improperly denied that branch of his omnibus motion which was to suppress statements he made to the police is without merit. The evidence presented at the suppression hearing established that the police properly advised the defendant of his Miranda rights, and that he voluntarily waived them (see Miranda v Arizona, 384 US 436 [1966]; People

*v Hewitt*, 82 AD3d 1119 [2011]; *People v Scrubb*, 70 AD3d 1054 [2010]). Contrary to the defendant's further contention in his pro se supplemental brief, the Supreme Court properly determined that the complainant had an independent source for her in-court identification (*see People v Allah*, 283 AD2d 436 [2001]; *People v Martin*, 245 AD2d 308 [1997]; *People v Bratton*, 133 AD2d 408 [1987]).

The defendant's contention that the sentence imposed by the Supreme Court punished him for exercising his right to a jury trial rather than accepting a plea offer is unpreserved for appellate review (*see People v Hurley*, 75 NY2d 887, 888 [1990]; *People v Clerge*, 69 AD3d 955, 956 [2010]). In any event, the fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (*see People v Givhan*, 78 AD3d 730, 731-732 [2010]; *People v Johnson*, 76 AD3d 1103 [2010]; *People v Toussaint*, 74 AD3d 846 [2010]). However, the sentence is excessive to the extent indicated herein (*see People v Suitte*, 90 AD2d 80, 86 [1982]).

The defendant's remaining contentions, including those raised in his pro se supplemental brief, are without merit. Skelos, J.P., Dickerson, Hall and Sgroi, JJ., concur.