THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHADON MORRIS, Appellant. [933 NYS2d 598]—

Contrary to the defendant's contention, he was not deprived of a fair trial because the trial court permitted the prosecution to introduce a recording of a telephone call to the 911 emergency number reporting that a person matching the defendant's description committed an uncharged robbery. The challenged evidence was properly admitted to "provide background information as to how and why the police pursued and confronted [the] defendant" (*People v Tosca*, 98 NY2d 660, 661 [2002]; *see People v Wilson*, 82 AD3d 797, 799 [2011]; *People v Givhan*, 78 AD3d 730, 731 [2010]; *People v Stevenson*, 67 AD3d 605 [2009];

*People v Jenkins*, 49 AD3d 780 [2008]), and the challenged evidence was more probative than prejudicial (*cf. People v Resek*, 3 NY3d 385, 389 [2004]). Moreover, the trial court nullified any potential prejudice by properly instructing the jury several times as to the limited purpose of this evidence (*see People v Tosca*, 98 NY2d at 661; *People v Wilson*, 82 AD3d at 799; *People v Givhan*, 78 AD3d at 731). Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.