The defendant’s contention that the evidence was legally insufficient to support his conviction is unpreserved for appellate review (see CPL 470.05 [2]; People v Hawkins, 11 NY3d 484 [2008]; People v Hewitt, 82 AD3d 1119, 1121 [2011]). In any event, viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant’s guilt beyond a reasonable doubt. Moreover, upon our independent review pursuant to CPL 470.15 (5), we are satisfied that the verdict of guilt was not against the weight of the evidence (see People v Romero, 7 NY3d 633 [2006]).
The defendant’s claim that the trial court erred in failing to deliver an Allen charge (see Allen v United States, 164 US 492 [1896]) is also unpreserved for appellate review (see People v Johnson, 59 NY2d 1014 [1983]; People v Velez, 150 AD2d 514 [1989]). In any event, an Allen charge was not necessary under the circumstances. The jury had only been deliberating for a *907 day and a half when it asked the court what would happen if it could not reach a agreement. The court’s instructions in response to the jury’s question “merely asked the jury to try to continue deliberating, were not directed to a particular juror and were not coercive” (People v Velez, 150 AD2d at 515).
The defendant failed to preserve for appellate review his contention that the sentence imposed by the trial court improperly penalized him for exercising his right to a jury trial, because he did not set forth the issue on the record at the time of sentencing (see People v Hurley, 75 NY2d 887, 888 [1990]; People v Garcia, 66 AD3d 699 [2009]; People v Norris, 34 AD3d 500, 501 [2006]; People v Best, 295 AD2d 441, 441 [2002]). In any event, the contention is without merit. “The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for asserting his right to proceed to trial” (People v Griffin, 98 AD3d 688, 690 [2012]; see People v DeCampoamor, 91 AD3d 669, 672 [2012]; People v Jimenez, 84 AD3d 1268, 1269 [2011]; People v Givhan, 78 AD3d 730, 731-732 [2010]). Moreover, the sentence imposed was not excessive (see People v Suitte, 90 AD2d 80 [1982]).
The defendant’s claim that he was deprived of the constitutional right to the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a “ ‘mixed claim! ]’ ” of ineffective assistance (People v Maxwell, 89 AD3d 1108, 1109 [2011], quoting People v Evans, 16 NY3d 571, 575 n 2 [2011], cert denied 565 US —, 132 S Ct 325 [2011]). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824 [1981]; People v Brown, 45 NY2d 852 [1978]). Since the defendant’s claim of ineffective assistance cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Freeman, 93 AD3d 805 [2012]; People v Maxwell, 89 AD3d at 1109; People v Rohlehr, 87 AD3d 603, 604 [2011]).
The defendant’s remaining contentions are unpreserved for appellate review (see CPL 470.05 [2]) and, in any event, without merit. Balkin, J.P., Roman, Sgroi and Cohen, JJ., concur.