■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DASHAWN CASSIDY, Appellant. [998 NYS2d 880]—

Judgment, Supreme Court, New York County (Laura A. Ward, J.), rendered March 9, 2011, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and criminal sale of a controlled substance in or near school grounds, and sentencing him to an aggregate term of 30 days, concurrent with five years' probation, unanimously affirmed.

The court properly exercised its discretion in receiving care-

fully limited evidence that, before the drug transaction, the undercover officer was shown photographs of defendant and other persons he might see on the street. On its face, this evidence did not constitute evidence of uncharged crimes (*see People v Correa*, 16 AD3d 355 [1st Dept 2005], *lv denied* 5 NY3d 787 [2005]). In any event, even if this testimony may have contained an implication of uncharged drug activity, it was more probative than prejudicial under the circumstances of the case. Evidence that defendant was already known to the police was necessary to enable the jury to understand how defendant came to be arrested two days later at his home, by an officer who did not witness the sale (*see People v Stevenson*, 67 AD3d 605 [1st Dept 2009], *lv denied* 14 NY3d 805 [2010]). This evidence was also probative of the undercover officer's ability to identify defendant (*see People v Williams*, 12 AD3d 183, 184 [1st Dept 2004], *lv denied* 4 NY3d 769 [2005]).

Defendant did not preserve his claims regarding the court's failure to deliver a limiting instruction as promised (*see People v Whalen*, 59 NY2d 273, 280 [1983]), testimony on the roles of participants in narcotics sales, and the People's summation, and we decline to review them in the interest of justice. As an alternative holding, we find no basis for reversal. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, DeGrasse and Manzanet-Daniels, JJ.