■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL HUNTER, Appellant. [14 NYS3d 902]—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Blumenfeld, J.), rendered February 14, 2013, convicting him of criminal sexual act in the first degree, robbery in the second degree, assault in the third degree, resisting arrest, and criminal possession of stolen property in the fifth degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's contention that the evidence was legally insufficient to support his conviction of criminal sexual act in the first degree is unpreserved for appellate review (*see* CPL 470.05 [2]; *People v Hawkins*, 11 NY3d 484, 492 [2008]). In any event, viewing the evidence in the light most favorable to the prosecution (*see People v Contes*, 60 NY2d 620, 621 [1983]), we find that it was legally sufficient to establish the defendant's guilt of that crime beyond a reasonable doubt. Moreover, in fulfilling our responsibility to conduct an independent review of the weight of the evidence (*see* CPL 470.15 [5]; *People v*

*Danielson*, 9 NY3d 342 [2007]), we nevertheless accord great deference to the jury's opportunity to view the witnesses, hear the testimony, and observe demeanor (*see People v Mateo*, 2 NY3d 383, 410 [2004]; *People v Bleakley*, 69 NY2d 490, 495 [1987]). Upon reviewing the record here, we are satisfied that the verdict of guilt on that count was not against the weight of the evidence (*see People v Romero*, 7 NY3d 633 [2006]).

The sentence imposed was not excessive (*see People v Suitte*, 90 AD2d 80 [1982]), and the defendant's contention that the sentencing court penalized him for exercising his right to proceed to trial is unpreserved for appellate review (*see People v Hurley*, 75 NY2d 887 [1990]) and, in any event, without merit (*see People v Seymore*, 106 AD3d 1033 [2013]; *People v Romero*, 101 AD3d 906 [2012]; *People v Ray*, 100 AD3d 933 [2012]). Mastro, J.P., Austin, Sgroi and Barros, JJ., concur.