People v Peace (2018 NY Slip Op 03859)





People v Peace


2018 NY Slip Op 03859


Decided on May 30, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 30, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2014-06464
 (Ind. No. 1061/11)

[*1]The People of the State of New York, respondent,
v
Shawn Peace, appellant.


Paul Skip Laisure, New York, NY (De Nice Powell of counsel), for appellant, and appellant pro se.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Joseph N. Ferdenzi, Tina Grillo, and Jonathan Yi of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Queens County (Gregory Lasak, J.), rendered May 22, 2014, convicting him of robbery in the first degree (seven counts), attempted murder in the second degree, assault in the first degree (four counts), and criminal possession of a weapon in the second degree (four counts), upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Thomas A. Demakos, J.H.O.), of those branches of the defendant's omnibus motion which were to suppress identification testimony and his statements to law enforcement officials.
ORDERED that the judgment is affirmed.
Contrary to the defendant's contention, the investigating detective did not testify at trial that a person depicted in a surveillance video was the defendant. Rather, the detective only testified that the defendant had identified himself from the surveillance footage. In addition, there is no instance of improper bolstering or opinion testimony (see People v Williams, 157 AD2d 759, 760).
The defendant's contention that he was deprived of the effective assistance of counsel is based, in part, on matter appearing on the record and, in part, on matter outside the record, and thus constitutes a "mixed claim of ineffective assistance" (People v Maxwell, 89 AD3d 1108, 1109; see People v Evans, 16 NY3d 571, 575 n 2). In this case, it is not evident from the matter appearing on the record that the defendant was deprived of the effective assistance of counsel (cf. People v Crump, 53 NY2d 824, 825; People v Brown, 45 NY2d 852, 853). Since the defendant's claim of ineffective assistance of counsel cannot be resolved without reference to matter outside the record, a CPL 440.10 proceeding is the appropriate forum for reviewing the claim in its entirety (see People v Marryshow, 135 AD3d 964, 965; People v Freeman, 93 AD3d 805, 806; People v Maxwell, 89 AD3d at 1109).
The defendant's contention that the sentence imposed by the Supreme Court punished [*2]him for exercising his right to a jury trial is without merit. The fact that the sentence imposed after trial was greater than the sentence offered during plea negotiations is not, standing alone, an indication that the defendant was punished for exercising his right to trial (see People v Jimenez, 84 AD3d 1268, 1269). The sentence imposed was not excessive (see People v Suitte, 90 AD2d 80).
The defendant's remaining contentions, raised in his pro se supplemental brief, are without merit.
MASTRO, J.P., BALKIN, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court