People v Campbell (2020 NY Slip Op 02401)





People v Campbell


2020 NY Slip Op 02401


Decided on April 24, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 24, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


166 KA 17-00558

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ANDREW CAMPBELL, DEFENDANT-APPELLANT. (APPEAL NO. 1.)






THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (JAMES M. SPECYAL OF COUNSEL), FOR DEFENDANT-APPELLANT. 
GREGORY J. MCCAFFREY, DISTRICT ATTORNEY, GENESEO (JOSHUA J. TONRA OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Livingston County Court (Robert B. Wiggins, J.), rendered February 7, 2017. The judgment convicted defendant upon a jury verdict of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree (two counts). 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and two counts of criminal possession of a controlled substance in the third degree (§ 220.16 [1]), arising from his sale of cocaine to a confidential informant during two separate controlled buys. In appeal No. 2, he appeals from a judgment convicting him upon a guilty plea of grand larceny in the fourth degree (§ 155.30 [4]).
Addressing first the judgment in appeal No. 1 and viewing the evidence in the light most favorable to the prosecution (see People v Contes, 60 NY2d 620, 621 [1983]), we conclude that there is a valid line of reasoning and permissible inferences from which a rational jury could have found the elements of the crimes proved beyond a reasonable doubt (see generally People v Danielson, 9 NY3d 342, 349 [2007]). Furthermore, viewing the evidence in light of the elements of the crimes as charged to the jury (see id.), we reject defendant's further contention that the verdict is against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
Defendant failed to preserve for our review his contention that the People infringed on his right to present a defense by failing to record and provide him with the serial numbers listed on the buy money for the first transaction (see People v Burton, 126 AD3d 1324, 1325 [4th Dept 2015], lv denied 25 NY3d 1199 [2015]). In any event, we note that "the People have no duty to seek evidence for defendant's benefit or to protect evidence prior to their possession of it" (id. at 1326). Furthermore, the exculpatory value of the evidence sought by defendant is purely speculative (see People v Porter, 179 AD2d 1018, 1018-1019 [4th Dept 1992], lv denied 79 NY2d 1006 [1992]) and the record does not demonstrate that "the People acted in bad faith in failing to preserve the missing evidence" (id. at 1019).
Defendant further contends that he was deprived of a fair trial by three instances of alleged misconduct by the prosecutor. First, defendant contends that the People improperly elicited Molineux evidence through the confidential informant's testimony that defendant was present at the location of one of the subject drug sales on prior occasions while drug deals were occurring. That contention was not preserved for our review (see People v Williams, 107 AD3d 1516, 1516 [4th Dept 2013], lv denied 21 NY3d 1047 [2013]) and, in any event, lacks merit [*2]inasmuch as the testimony of the confidential informant did not establish that defendant was participating in drug sales on those prior occasions and thus did not constitute evidence of uncharged crimes (see People v Williams, 12 AD3d 183, 184 [1st Dept 2004], lv denied 4 NY3d 769 [2005]; see generally People v Martinez, 164 AD3d 1260, 1262 [2d Dept 2018], lv denied 32 NY3d 1207 [2019]). Contrary to defendant's second contention, the delayed disclosure of the photograph of the buy money used in the first transaction did not deprive defendant of a fair trial nor did it constitute a Brady violation. The exculpatory value of the photograph was speculative (see People v Dark, 104 AD3d 1158, 1159 [4th Dept 2013]; People v Smith, 306 AD2d 861, 862 [4th Dept 2003], lv denied 100 NY2d 599 [2003]). Moreover, "[u]ntimely or delayed disclosure will not prejudice a defendant or deprive him or her of a fair trial where the defense is provided with a meaningful opportunity to use the allegedly exculpatory material to cross-examine the People's witnesses or as evidence during his [or her] case' " (People v Carter, 131 AD3d 717, 718-719 [3d Dept 2015], lv denied 26 NY3d 1007 [2015]). Here, upon disclosure of the photograph, defendant was given a meaningful opportunity to review it, subject the People's witnesses to cross-examination, and comment on the same during summation (id. at 719-720). Defendant did not object to any of the alleged instances of prosecutorial misconduct during the prosecutor's summation and therefore failed to preserve for our review his third contention, i.e., that he was thereby deprived of a fair trial (see People v Lane, 106 AD3d 1478, 1480 [4th Dept 2013], lv denied 21 NY3d 1043 [2013]). In any event, upon our review of the record, we conclude that the prosecutor's summation was "either a fair response to defense counsel's summation or fair comment on the evidence" (People v McEathron, 86 AD3d 915, 916 [4th Dept 2011], lv denied 19 NY3d 975 [2012] [internal quotation marks omitted]).
Inasmuch as we conclude that there was no prosecutorial misconduct, we reject defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to object to the alleged improprieties (see People v Townsend, 171 AD3d 1479, 1481 [4th Dept 2019], lv denied 33 NY3d 1109 [2019]). With respect to defendant's remaining claim of ineffective assistance of counsel, we conclude that it lacks merit and that defendant was afforded "meaningful representation" (People v Baldi, 54 NY2d 137, 147 [1981]).
Finally, contrary to defendant's contention in appeal Nos. 1 and 2, the sentence is not unduly harsh or severe.
Entered: April 24, 2020
Mark W. Bennett
Clerk of the Court